**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------X

**I.C., ET AL.**,

        Plaintiffs,

        - against -

**NEW YORK CITY DEPARTMENT
OF EDUCATION, ET AL.**,

        Defendants.

--------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  7/31/2020

20-CV-05264 (ALC)

**ORDER**

On June 9, 2020, Plaintiff I.C., individually and on behalf of S.G., initiated this action against the New York City Department of Education and Richard Carranza, in his official capacity as Chancellor of the New York City Department of Education. ECF No. 1. I.C. claims that the Defendants failed to provide S.G., a 20 years old that has been diagnosed with Attention-Deficit/Hyperactivity Disorder, Generalized Anxiety Disorder, and a severe learning disability in math, a free appropriate public education in violation of the Individuals with Disabilities in Education Act and other federal and state law.

More specifically, I.C.'s complaint alleges that the DOE, in violation of a January 7, 2020 Order by an Impartial Hearing Officer ("IHO"), failed to pay S.G.'s full tuition at Fusion Academy for the 2019-2020 school year and did not fully reimburse the cost of S.G.'s meals, as ordered in the January 7 IHO Order. The complaint further alleges that although S.G. was scheduled to begin the 2020-2021 school year on July 6, 2020, Fusion Academy refused to enroll S.G. due to the DOE's failure to fund S.G.'s tuition for the 2019-2020 school year. I.C. therefore prayed the Court to issue an order requiring Defendants to immediately and fully comply with the terms of the IHO's

order by funding S.G.'s tuition at Fusion Academy for the 2019-2020 school year and reimbursing the costs of S.G.'s meals. I.C. requested that this order also require Defendants to immediately provide S.G. with funding for continued placement at Fusion Academy for the 2020-2021 school year, including tuition, transportation and meals. Plaintiff also sought declaratory relief that the DOE had violated the IDEA and other federal and state laws.

On June 9 2020, I.C. also filed a motion for a temporary restraining order and preliminary injunction. ECF Nos. 5-8. That same day, the Court denied I.C.'s request for temporary restraining order, but issued an order for the DOE to show cause why the Court should not issue the requested preliminary injunction. ECF No. 13. Upon consideration of I.C.'s motion and supporting documents, a written response from the DOE, and a July 14, 2020 show cause hearing, the Court granted I.C.'s request for preliminary injunction in part. The Court ordered the DOE to fund the outstanding balance of S.G.'s tuition for Fusion Academy for the 2019-2020 school year by July 16, 2020 at 5:00 p.m. ECF No. 24. The DOE mailed a check for the balance of the 2019-2020 tuition to Fusion Academy on July 16, 2020 by USPS First Class Mail. ECF No. 29. After an apparent mail delay, the check reached Fusion Academy by July 22, 2020. ECF No. 29. Based on the latest status report to the Court, S.G. should by now be enrolled in school. ECF No. 30.

On July 30, 2020, the Parties filed a joint status report. ECF No. 30. Therein, the Parties asked the Court to render a decision on the issues in I.C.'s request for preliminary injunction on which the Court had not yet ruled. Those are I.C.'s request that the Court issue a preliminary injunction that the DOE reimburse I.C. for the outstanding cost of school meals incurred during the 2019-2020 school year and provide I.C. and S.G. with funding for continued placement at Fusion Academy for the 2020-2021 school year, including tuition, meals and transportation.

Upon careful consideration of the Parties' submissions, the Court hereby DENIES the remainder of I.C.'s request for preliminary injunction because I.C. has not shown irreparable harm as to the reimbursement of the cost of school meals from 2019-2020, and lacks standing as to the requested relief related to the 2020-21 tuition payments.

In order to obtain a preliminary injunction, a "movant must show: '(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.'" *AIM Intl Trading, LLC v. Valcuine, SpA*, 188 F. Supp. 2d 384, 387 (S.D.N.Y. 2002) (citing *See Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.,* 596 F.2d 70, 72 (2d Cir.1979). To establish irreparable harm, the movant must demonstrate "an injury that is neither remote nor speculative, but actual and imminent[,] and that cannot be remedied by an award of monetary damages." *Shapiro v. Cadman Towers, Inc*., 51 F.3d 328, 332 (2d Cir. 1995) (internal quotation marks omitted). "Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances." *Moore v. Consol. Edison Co. of N.Y.*, 409 F.3d 506, 510 (2d Cir.2005) (citing *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992)).

Plaintiff has shown no irreparable harm to justify the Court issuing an injunction that the DOE reimburse I.C. for the outstanding cost of school meals incurred during the 2019-2020 school year. I.C. argues that she and S.G. were irreparably harmed by S.G. being unable to enroll at Fusion Academy in 2020-2021. Plaintiff has not demonstrated any connection between the reimbursement of the cost of school meals from 2019-2020 and S.G.'s ability to attend school now. Nor has I.C. shown any other harm that is not compensable with money damages. The Court must therefore deny this requested relief.

Now to the request that the Court issue an injunction ordering the DOE to provide I.C. and S.G. with funding for continued placement at Fusion Academy for the 2020-2021 school year, including tuition, the cost of school meals and transportation. There is no dispute that Fusion Academy is the pendency placement for S.G. The DOE has agreed to fund S.G.'s tuition at Fusion Academy, and to issue payments within 27-32 days of receiving certain necessary documents from Fusion Academy concerning the cost of tuition and S.G.'s attendance at Fusion Academy. ECF No. 30 at 3. To date, no payment to Fusion Academy for the 2020-2021 school year has come due, so none has gone unpaid or been paid late. The City argues that under the circumstances, I.C. lacks standing to pursue this claim. Fusion counters that the DOE's prior late payments merit an order setting a specific deadline for payment.

The Court agrees with the DOE that I.C. lacks standing to seek an injunction requiring payment of the 2020-2021 school year tuition. To satisfy the "'irreducible constitutional minimum' of standing," a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, U.S., 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016) (quoting *Lujan v. Defs. of* Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). Here, I.C. has not alleged an injury in fact in relation to the 2020-2021 school year. S.G. is currently enrolled at Fusion Academy. It is undisputed that no 2020-2021 payment has been missed or even come due. I.C. offers no evidence that S.G.'s enrollment is currently in danger. *See Cohen v. N.Y.C. Dep't of Educ.*, No. 18-CV-11100 (JMF), 2018 U.S. Dist. LEXIS 209677 *6 (S.D.N.Y. Dec. 12, 2018). Nor has I.C. shown that she is otherwise injured in a manner that would be redressed by the requested injunctive relief. *See e.g., E.M. v. N.Y.C. Dep't of Educ.*, 758 F.3d 442, 456 (2d Cir. 2014) (finding that a plaintiff had standing to sue for direct payment to a private school under the

IDEA, even though she had not yet paid any tuition and "there is reason to believe that the school may not seek to enforce the obligation absent success by E.M. in her IDEA challenge," because "Plaintiff's contractual obligation itself constitutes an 'injury in fact' for Article III purposes, one that is 'redressable' by the direct tuition payment she seeks").

I.C. has complained of uncertainty regarding when payment will be made. ECF No. 30, at 3 ("Fusion Academy would be within its rights to withhold instruction from a student whose tuition had not been paid, but S.G. should not have to live with this uncertainty given that DOE is not disputing her right to pendency.") To the extent I.C. argues she is injured by this uncertainty, such argument lacks support. "An allegation of future injury may suffice [to support standing] if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158, 134 S. Ct. 2334, 189 L. Ed. 2d 246 (2014) (internal quotation marks omitted). I.C. has not made such showing. The principal allegation on which I.C. relies to show that injury is likely is the DOE's supposed failure to meet this Court's deadline to fund the 2019/2020 school year. The Court disagrees. The DOE complied with the Court's order by mailing a check for the outstanding 2019/2020 tuition by the ordered date. Nor can it be said that I.C. foresees injury from the timeline on which the DOE has agreed to make future tuition payments—within 27 to 32 days of receiving necessary papers from Fusion Academy. After all, I.C. has asked the Court to order the DOE to adhere to just that schedule. ECF No. 30 at 3. The Court therefore concludes that I.C. has not suffered an injury in fact and therefore lacks standing to seek the requested relief as to the 2020-2021 tuition.

For the reasons above, the Court DENIES the elements of Plaintiff's request for preliminary injunction not dealt with by the Court's prior order. The Parties are hereby ordered to file a status report on August 14, 2020 regarding how they would like to proceed with this claim.

**SO ORDERED.**

Dated:   **July 31, 2020**
         **New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**